ANNA VAN ALLEN AND EDWARD VAN ALLEN, PLAIN-
TIFFS-RESPONDENTS, v. JACOB LOBEL AND MORRIS
LOBEL, PARTNERS, TRADING AS LOBELS KIDDIE
SHOP, DEFENDANTS-APPELLANTS.

Argued May 17, 1939—Decided September 22, 1939.

For the plaintiffs-respondents, *Isadore Rabinowitz.*

For the defendants-appellants, *Schneider & Schneider*
(*Jacob Schneider,* of counsel).

The opinion of the court was delivered by

HAGUE, J. This is defendant's appeal from a judgment in
the New Jersey Supreme Court, entered upon the jury's ver-
dict, in the Passaic County Circuit. The injured plaintiff,
Anna Van Allen, was awarded $7,000, and her husband, who
sued *per quod,* $3,000.

The defendants maintain and operate a clothing store in
the city of Paterson and Mrs. Van Allen's claim arose out
of injuries received by her when she slipped and fell in the
store due, as she alleged, to improper floor covering—in this
instance linoleum or oil-cloth—at the place where she fell.

Three points concerning the admission or rejection of evi-
dence are argued as reasons for reversing the judgment. The

first point deals with several rulings on questions to plaintiff and other witnesses concerning alleged statements by Kimberg, the manager of the store; and the appellant argues that the admission in evidence of conversations had with him after the accident was error. Over the objection of the appellant, the witness, Mrs. Van Allen, was asked what conversation her mother, Mrs. Blauvelt, had with Mr. Kimberg to which the witness replied, "my mother said that was a very bad condition for a floor to be in and that it should be taken care of and Mr. Kimberg said yes, he knew it—that he had tacked it [the linoleum] down different times but people kept kicking it up as they came out of the basement and he could not keep it down;" and again, "he [Mr. Kimberg] said a week or two before someone else had fallen over the same thing;" and, further, "why he said they could not keep it down—they tacked it all the time but the people out of the basement kicked it up all the time. He said a woman had fell over it about a week or so before that." As has been said, this and other items of testimony of the same kind were admitted over objection. In our judgment, this evidence should not have been admitted since the information imparted, under these circumstances, was not given in the course of the duty entrusted to the employe, Kimberg, by his employers. *Ashmore* v. *Pennsylvania Steam Towing Co.*, 38 *N. J. L.* 13; *Raffetto* v. *Warner Bros. Theatre*, 121 *Id.* 333. In the former case the rule is stated in these words: "Statements made by a general agent, in order to be evidence against his principal, must have been made in the course of business entrusted to him. * * * When the word or act is done in pursuance of the agent's duty it can be proved against the principal; otherwise, not." Compare *Blackman* v. *West Jersey and Seashore Railroad Co.*, 68 *Id.* 1; *Ruebner, &c.,* v. *Erie Railroad,* 69 *Id.* 327. It was no part of Mr. Kimberg's duty as manager of the defendants' store to discuss the condition of the floor covering with persons who were strangers to the defendants' business and its operation.

The respondents attempt to justify the admission of these statements on the ground that it was Mr. Kimberg who answered certain of the interrogatories on behalf of the

defendant which were propounded by the plaintiff. We do not find the interrogatories printed as an exhibit although some of them were read to and appear in the record in the direct examination of the plaintiff Mrs. Van Allen, but even though Mr. Kimberg did answer the interrogatories in question that cannot justify the admission of testimony which we think was incompetent because not made in the course of duty entrusted to the witness. After all, anyone with the knowledge required may answer interrogatories. Certainly signed answers in the course of preparation of trial and long after the happening complained of cannot be used to enlarge the authority conferred by the employer.

While for the ground first discussed the judgment should be reversed, yet since this case will have to be retried, perhaps something should be said about points 2 and 3 which were argued in the appellant's brief. Point 2 is that the trial court erred in preventing defendants from cross-examining Mrs. Blauvelt, plaintiff's mother, and Edward Van Allen, her husband, concerning the physical condition of the plaintiff prior to the accident. It is plain that counsel for the defendants attempted to show that the extent of the injuries suffered was not entirely due to the fall, and the first question put on cross-examination to Mrs. Blauvelt, after asking her if she remembered her daughter's first childbirth was: "Was that a difficult childbirth?" The question was excluded. We think properly so. There was no foundation laid for the question. It does not appear when the plaintiff bore her first child or anything of that character that naturally would lead to the question which was rejected. The second question was: "Before this accident what was your daughter's condition?" This question is open to the same objection as the first. It was very broad and vague and no basis had been laid for it. The next question is a little different—"Now isn't it a fact that after your daughter's first childbirth she had trouble with her back?" This question, we think, was a proper one for cross-examination in which a great deal of latitude should, in sound discretion, be allowed by a trial judge.

A further point concerns the testimony of Dr. Brothers, a witness for the defendants. This expert witness had been

very searchingly examined on direct and cross-examination and on redirect examination the question excluded was as follows: "What happened to that woman? How did she get that injury? Where did she fall from and where to? The question was excluded. A reading of the question, of course, makes it clear that it was objectionable because instead of one question there are three. Perhaps enough has been said to indicate the court was right in sustaining the objection, but it appears that the question had to do with the treatment given by the witness to some woman patient whom he had attended some time and in connection with some other case. It was not aimed at his credibility, as we see it, and was entirely immaterial.

The judgment will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 15.